

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sidney J. Brown
County Attorney
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. O-6997
Re: (1) Maximum salaries of county
officers of Fort Bend County
for fiscal year 1946.
(2) Maximum compensation for de-
puty constable in Fort Bend
County where constable com-
pensated on fee basis.
(3) Whether constable compensated
on fee basis is authorized to
deduct automobile expenses in
accounting for fees of office.

We are in receipt of your letter of recent date requesting
the opinion of this department on the above stated matters. We
quote from your letter, as follows:

"Please send me an opinion on the following salary
questions.

"1. What could maximum salary of deputy constable
be where constable is on a fee basis?

"2. What is maximum salary of county treasurer of
Fort Bend County?

"3. Would 1945 amendment allowing increase apply to
county officials making in excess of $3600.00 in 1944?

"In reference to question number one, article 3883 (2)
V. C. S. provides in counties having a taxable valuation
between $27,950,000.00 and $27,960,000.00 for the year 1938,
the county commissioners court in such counties shall have
the power to set and establish annually the maximum amount
of fees for justice of peace and constables but in no event
shall it exceed $3600.00 per annum and with the further limi-
tation that no fees shall exceed $900.00 for any one quarter.
This statute was passed to apply to Fort Bend County since

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Sidney J. Brown - Page 2

our valuation was between the above figures for the year 1938.

"The justice of peace and constables of Fort Bend County are on a fee basis and article 3902 R. C. S. provides for appointment of deputies of county and precinct officers on fee basis. If the commissioners court would approve of a deputy constable being appointed after proper application is filed, what maximum salary could the court allow the constable to pay his deputy out of the excess fees of his office?  Would the limitation of the deputy constable salary be on a monthly, quarterly or yearly basis?

"Could the constable of Fort Bend County take into consideration the expenses of his office, such as car expenses, in determining the amount of fees of his office that he can retain?  As an example if constable fees amount to $1200.00 for one quarter could he file monthly reports showing his automobile expense and retain the excess to cover his traveling expenses, if the expenses were greater than the excess fees?

"In reference to my second inquiry, the 1945 taxable valuation of Fort Bent County is $32,023,310.00.  Under article 3912 (e) section 13 the salary of the county treasurer could be increased 1% for each million dollars in valuation in excess of $15,000,000.00 and the 1945 amendments allowed an additional increase of 25% on the salary.

"In reference to my last inquiry, I will state that the county judge and several other county officials were being paid a salary of $4200.00 during the year 1944 and 1945, and these officers were being paid this salary under the provision of article 3912 (e) section 13 allowing for a 1, increase for each million dollar taxable valuation in excess of 15,000,000.00.  Would the 1945 amendment to the salary law allowing a 25% increase apply to these county officials making a salary in excess of 3600.00 a year for 1944?  That would be the maximum salary that could be paid these officials for the year 1946?"

With reference to your questions concerning the maximum compensation of the County Treasurer and other county officers of Fort Bend County, we note that the population of Fort Bend County, as shown by the 1940 Federal Census is 32,963.  The maximum amount of the annual salaries which the Commissioners' Court may fix for said officers is governed by the provisions of Section 13 of Article 3912e, Vernon's Annotated Civil Statutes.  The above ser-

Honorable Sidney J. Brown - Page 3

tioned section contains general provisions as to the maximum sal-
aries, applicable to all counties having a population of 20,000
or more, inhabitants, and not more than 190,000 inhabitants, ac-
cording to the last preceding Federal Census, as well as special
provisions, applicable under certain circumstances, whereby the
Commissioners' Court may allow certain percentages of increase
to be added to the amount of the salaries allowed under the
general provisions of said section.

As a general provision with reference to the salaries
of county officers in counties having a population between
20,000 and 190,000 inhabitants, according to the last preceding
Federal Census, we find the following language in Section 13 of
Article 3912e, Vernon's Annotated Civil Statutes:

"The Commissioners' Court in counties having a popu-
lation of twenty thousand (20,000) inhabitants or more,
and less than one hundred and ninety thousand (190,000)
inhabitants according to the last preceding Federal Census,
is hereby authorized and it shall be its duty to fix the
salaries of all the following named officers, to-wit:
sheriff, assessor and collector of taxes, county judge,
county attorney, including criminal district attorneys
and county attorneys who perform the duties of district
attorneys, district clerk, county clerk, treasurer, hide
and animal inspector. Each of said officers shall be paid
in money an annual salary in twelve (12) equal install-
ments of not less than the total sum earned as compensa-
tion by him in his official capacity for the fiscal year
1935, and not more than the maximum amount allowed such
officer under laws existing on August 24, 1935."

As to the maximum amount of compensation authorized un-
der laws existing August 24, 1935, for the above named officers,
we call your attention to the following statutory provisions:

Article 3943, V. A. C. S.:
"The commissions allowed to any County Treasurer
shall not exceed Two Thousand Dollar ($2,000.00) annual-
ly; . . . ."

Article 3891, V. A. C. S.:
"Each officer named in this Chapter shall first out
of the current fees of his office pay or be paid the amount
allowed him under the provisions of Article 3883, together
with the salaries of his assistants and deputies, and au-

Honorable Sidney J. Brown - Page 4

thorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided."

"In counties containing as many as twenty-five thousand and one (25,001) and not more than thirty-seven thousand, five hundred (37,500) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Artilce 3883, amounts to Thirty-five Hundred Dollars ($3500.00)."

With reference to special provisions authorizing certain percentages of increase to be added to the foregoing amounts allowed under the general provisions, the pertinent provisions are:

(1) Article 3912e, Section 13:
". . . . provided that in counties having a population of twenty thousand (20,000) inhabitants and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census, and having an assessed valuation in excessof Fifteen Million ($15,000,000.00) Dollars, according to the last approved preceding tax rollof such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935;. . . . "

(2) Article 3912e, Section 13, Sub-division(e)(S. B. 123, Acts 49th Leg., 1945):
"The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an aditional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-Six Hundred ($3600.00) Dollars. Added Acts 1945, 49th Leg., p. 244, ch. 179, § 3."

Honorable Sidney J. Brown - Page 5

We note that the foregoing provision of Sub-division (e) (S. B. 123) was not effective until May 9, 1945. We note further that this department held in Opinion No. 0-6575 that the foregoing provisions of S. B. 123 are not applicable when the amount of compensation authorized by law for a particular officer for the fiscal year of 1944 was more than $3600.00. In order to determine whether the provisions of S. B. 123 are applicable to the various officers of Fort Bend County, it is necessary to determine the amount of compensation which the law authorized for said officers for the fiscal year of 1944. Under the general provisions of Section 13 of Article 3912e, the officers named could have been allowed the maximum compensation which such officers could have retained under laws existing August 24, 1935. Under laws existing August 24, 1935, the County Treasurer could have been allowed a maximum compensation of $2,000.00 annually (Art. 3943), while the maximum annual compensation of the other officers named in the law was $3500.00. Under the first special provision above quoted, the foregoing amounts could have been increased one per-cent per million dollars, or fraction thereof, of county tax valuation in excess of $15,000,000.00, as shown by the last approved preceding tax roll. As to the fiscal year of 1944, the county tax valuation of Fort Bend County as shown by the last approved preceding tax roll (1943), according to information furnished by the State Comptroller's Office, was $31,704,640.00. Thus, under said special provision, the maximum compensation authorized under the general provision of Section 13, Article 3912e ($2,000.00 - county treasurer; $3,500.00 - other officers named) could have been increased seventeen percent for the fiscal year of 1944. Since the provisions of S. B. 123 (Sub- division (e), supra) were not in effect in 1944, the total maximum compensation which the Commissioners' Court could have authorized for the fiscal year of 1944 was $2,340.00 ($2,000.00 plus 17%) for the County Treasurer, and $4,095.00 ($3,500.00 plus 17%) for the other officers named in Section 13 of Article 3912e.

As heretofore stated, the provisions of Sub-division (e) of Article 3912e (S.B. 123) are applicable only to those officers whose compensation authorized by law for the fiscal year of 1944 did not exceed $3,600.00. Thus, in Fort Bend County, S. B. 123 would be applicable only to the salary of the County Treasurer. You are therefore advised that under the provisions of S. B. 123 (Sub-division e, Sec. 13, Art. 3912e), when in the judgment of the Commissioners' Court, "the financial condition of the county" and the needs of the officer justify the increase, the Commissioners'

Honorable Sidney J. Brown - Page 6

Court is authorized to enter an order increasing the compensation of the County Treasurer "not to exceed twenty-five percent of the sum allowed under the law for the fiscal year of 1944." Therefore, under the provisions of S. B. 123, the County Treasurer may be allowed a total maximum compensation of $2,925.00 ($2,340.00 plus 25%) for the fiscal year of 1946.

Since the provisions of S. B. 123 do not apply to the officers other than the County Treasurer referred to in Section 13 of Article 3912e, the maximum compensation of such officers for the fiscal year of 1946 would be determined under the special provision of said section which authorizes an increase of one percent per million dollars, or fraction thereof, of county tax valuation in excess of $15,000,000.00, according to the last preceding approved tax roll (1945). According to your letter, the 1945 county tax valuation of Fort Bend County was $32,023,310.00. Thus, the $3,500.00 maximum compensation authorized under the general provisions of Section 13, Article 3912e may be increased eighteen percent for the fiscal year of 1946. You are, therefore, advised that the maximum compensation which may be allowed for said officers (excepting the County Treasurer) for the fiscal year of 1946 would be $4,130.00 ($3,500.00 plus 18%).

As to your question concerning the maximum salary of a deputy constable, we call your attention to the following statutory provisions:

Article 3899 (a), V. A. C. S.:
"At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office."

". . .The amount of salaries paid to assistants and deputies shall also be clearly shown by such officer, giving the name, position, and amount paid each; and in no event shall any officer show any greater amount than actually paid any such assistant or deputy. The amount of such expenses, together with the amount of salaries paid to assistants, deputies, and clerks, shall be paid out of the fees earned by such officer."

Article 3902, V. A. C. S.:
"Whenever any district, county or precinct officer shall require the services of deputies, assistants, or clerks

Honorable Sidney J. Brown - Page 7

in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts: . "

"2. In counties having a population of twenty-five thousand and one (25,001) and not more than thirty-seven thousand, five hundred (37,500) inhabitants, first assistant or chief deputy not to exceed Two Thousand Dollars ($2,000) per annum; other assistants, deputies, or clerks not to exceed Seventeen Hundred Dollars ($1700) per annum each."

"9. The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars."

We note that Section 9, quoted above, (S. B. 123)

Honorable Sidney J. Brown - Page 8

was not effective until May 9, 1945. Under the foregoing pro-
visions of Section 9, the maximum amount of annual compensation
authorized for deputies under the law for the fiscal year 1944
(Sec. 2, Art. 3902) may be increased by twenty-five per cent.
In view of the above quoted provisions, you are advised that
the maximum compensation which may be authorized for a first
deputy constable in Fort Bend County, for the fiscal year of
1946, is $2,500.00 ($2,000.00 plus 25%) and for other deputy
constables, $2,125.00 ($1,700.00 plus 25%). We further call
to your attention that the Commissioners' Court is authorized
to enter an order increasing the compensation of said officers
not to exceed twenty-five per cent of the sum authorized under
the law for the fiscal year of 1944 as compensation for such
deputy "when in their judgment the financial condition of the
county and the needs of the deputies. . . justify the increase."
You are further advised that the salaries referred to in Ar-
ticle 3902 are on a "per annum" basis.

As to your question concerning the traveling expenses of
the constable, we refer you to our Opinion No. O-1866, which
we believe will satisfactorily answer your question. We are
enclosing a copy of said opinion for your convenience.

It is to be understood that we are not herein passing
upon the constitutionality of that portion of Subdivision 2
of Article 3883, V. A. C. S., referred to in your letter as
the provision governing the compensation of the constables of
Fort Bend County, for that question is not before us.

We trust that the above and foregoing will satisfactorily
answer your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAL:vwb:LJ
Enclosure - 1

